**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-4954

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

        v.

KENDRICK LEWIS,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever III, Chief District Judge.  (5:14-cr-00139-D-1)

Submitted:  June 16, 2015                 Decided:  June 30, 2015

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Robert E. Waters, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.   Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Carrie D. Randa, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kendrick Lewis pled guilty to two counts of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2012). He was sentenced to 57 months on each count, to run concurrently. Lewis now appeals, claiming that his sentence is substantively unreasonable. We affirm.

We review a sentence "under a deferential abuse-of-discretion standard." See Gall v. United States, 552 U.S. 38, 41 (2007). When reviewing for substantive reasonableness, we "examine[] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence . . . satisfied the standards set forth in [18 U.S.C. §] 3553(a) [(2012)]." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). If the sentence is within the correctly calculated Guidelines range, as it is here, we may apply a presumption on appeal that the sentence is substantively reasonable. Id. This presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F. 3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Here, the district court stated at sentencing that it had considered the arguments of counsel, Lewis' statement to the court, the Guidelines range, and all the 18 U.S.C. § 3553(a)

2

(2012) factors. The court was particularly troubled by Lewis' criminal history, noting that his criminal activity seemed to be escalating. The court also was concerned about the likelihood of recidivism and stated that the selected sentence was intended to have have a deterrent effect. The court additionally noted the serious nature of the firearm offenses and adequately addressed Lewis' troubled childhood.

We conclude that the sentence is substantively reasonable and that Lewis failed to rebut the presumption of reasonableness we accord his within-Guidelines sentence. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED